IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**FILED**

2013 FEB -4 A 9 30

CLERK
US BANKRUPTCY
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK R. DAIN, | ) |
| Debtor, | ) ) ) ) |
| BRET ANDERSON, *et al.*, | ) Case No. 1:12-cv-1251 (GBL-IDD) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| MARK R. DAIN, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion to Withdraw the Reference of Adversary Proceeding from the Bankruptcy Court. (Dkt. No. 1.) This case concerns an adversary proceeding initiated against Defendant for his alleged fraud related to Plaintiffs' purchase of real estate in North and South Carolina. Defendant seeks to withdraw his case from the Bankruptcy Court, arguing that his pending Motion to Vacate Default Judgment should be decided by this Court rather than the Bankruptcy Court because the Bankruptcy Court allegedly erred in crediting Plaintiffs' evidence in its award of damages, which, he argues, renders the Bankruptcy Court's review of his present Motion to Vacate futile.

The issue before the Court is whether, on these grounds, 28 U.S.C. § 157(d) is the appropriate mechanism by which to afford Defendant relief. The Court denies the Motion because the grounds upon which Defendant seeks withdrawal are not the proper bases for withdrawal under § 157(d). Erroneous legal judgments, of which Defendant primarily complains, alone, are not sufficient bases for withdrawal. Rather, such errors are properly cured on appeal after the Bankruptcy Court has rendered its decision in a core proceeding, pursuant to 28 U.S.C. § 158(a)(1); or by an aggrieved party's objection to the Bankruptcy Court's proposed findings of fact and conclusions of law concerning non-core matters

1

related to the bankruptcy proceeding, pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 9033(b).

In any event, the Court determines that withdrawal would be inappropriate in this case because (1) the Court is not compelled by the mandatory withdrawal provision of § 157, as the remaining issue in this case does not require consideration of Title 11 and laws affecting interstate commerce; and (2) the Court declines to exercise its discretion to withdraw, as the procedural posture of the bankruptcy case militates against withdrawal at this time.

## I. BACKGROUND

Mark Dain, owner of Total Realty Company ("Total Realty"), filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia on March 15, 2010. Shortly thereafter, Plaintiffs filed an adversary proceeding against Dain, alleging fraud related to their purchases from Total Realty. (Def.'s Br. at 1.) The purchases resulted in failed investment properties, which Plaintiffs attribute to Dain's fraud related to the real estate transactions. (*Id.* at 2-3.)

Failing to answer the Complaint to Object to Dischargeability, Plaintiffs filed for entry of default judgment in the Bankruptcy Court on November 3, 2010. (*Id.* at 3.) An entry of default was entered against Dain on November 29, 2010. The Bankruptcy Court subsequently held a hearing on damages, in which Defendant contested the default judgment on the grounds that Plaintiffs had represented to Defendant's counsel their consent for an extension of time in which to answer the Complaint, and that, in any event, Plaintiffs did not incur, and thus were not entitled to, actual damages. (*Id.*)

The Bankruptcy Court denied Defendant an extension of time to respond and proceeded to Plaintiffs' damages claims. Defendant argues that the Bankruptcy Court did not require Plaintiffs to prove their damages with supporting documentation but rather permitted Plaintiffs to submit sworn declarations attesting to their actual damages. On this basis, Defendant argues, that the Bankruptcy Court erred. Further, Defendant argues that the evidence submitted in support of Plaintiffs damages

2

failed to properly disclose various settlement agreements and releases of liability, which would have reduced Plaintiffs damages claims. (*Id.*) Default judgment was entered against Dain in the amount of $13,181,408.46 plus interest.

On January 12, 2012, Defendant filed a Motion to Vacate pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60. In his motion, Defendant reasserted his previous arguments that Plaintiffs' self-serving declarations could not form the sole basis for an award of damages and that Plaintiffs fraudulently withheld evidence of agreements that would have reduced Plaintiffs' damages claims. On October 16, 2012, the Bankruptcy Court ordered a hearing on the matter and held that the parties may present evidence only on issue of damages, upon which the Court may alter or amend its damages award.

## II. STANDARD OF REVIEW

District courts have "original and exclusive jurisdiction of all cases under title 11" of the United States Code and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334 (a), (b). "Any or all proceedings arising under title 11 or arising in or related to a case under title 11" may be referred to the bankruptcy court for the district. 28 U.S.C. § 157(a).

"The manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved." *Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011). Matters referred that are "core proceedings" permit the bankruptcy judge to hear and enter final judgments while those involving "non-core proceedings" authorize the bankruptcy judge to propose findings of fact and conclusions of law to the district court for its review and issuance of final judgment. 28 U.S.C. § 157(b)(1), (c)(1); *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, 2011 WL 5828013, at *1-2 (E.D. Va. Nov. 18, 2011).

Section 157 sets forth the process by which the district court may withdraw matters from the bankruptcy courts. Withdrawal is a mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or

3

activities affecting interstate commerce." 28 U.S.C. § 157(d). Otherwise, district courts have discretion to withdraw cases for cause shown. *Id.* Factors determining whether cause exist include "(i) whether the proceeding is core or non-core, (ii) the uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial. *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 681 (Bankr. E.D. Va. 2003). Ultimately discretionary withdrawal is "determined on a case-by-case basis by weighing all the factors presented in a particular case, including the core/non-core distinction." *Id.* at 682.

### III. ANALYSIS

As an initial matter, the Court notes that Defendant's motivation for his present Motion, as evidenced by his opening brief, is the Bankruptcy Court's alleged error in weighing Plaintiff's evidence submitted in support of their claim for damages for default judgment. However, "erroneous legal judgments are not sufficient to justify withdrawal of reference of this case." *See, e.g., Winslow v. Williams Group*, 134 B.R. 949, 959 (Bankr. D. Co. 1990). Rather, in errors occurring in core proceedings, "such errors may be corrected on appeal to this court pursuant to 28 U.S.C. § 158." *Id.* Similarly, such errors occurring in non-core matters may be corrected by the Court upon objection to the Bankruptcy Court's proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 9033(b). 28 U.S.C. § 157(c)(1); FRBP 9033(b).

In addition to his challenge to the Bankruptcy Court's evaluation of Plaintiffs' evidence of damages, Defendant presents several arguments for withdrawal under the mandatory and discretionary provisions of 28 U.S.C. § 157(d), which the Court addresses in turn.

#### *1. Mandatory Withdrawal*

The Court holds that mandatory withdrawal is not warranted in this case because the resolution of Defendant's Motion to Vacate, which forms the basis for his motion to withdraw, does not require the consideration of Title 11 and the laws affecting interstate commerce, as required by statute. Withdrawal

is a mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

Defendant argues that withdrawal is mandatory under § 157(d) because the adversary proceeding involves application of a federal statute that concerns causes of action that affect interstate commerce. Plaintiffs have alleged violations of the Interstate Land Sales Transfer Full Disclosure Act ("ILSA") related to Defendant's alleged fraud, which involve real estate purchases made in, and companies and individuals located in, several states. Defendant argues that this triggers mandatory withdrawal under § 157's language requiring withdrawal for matters requiring "consideration of both Title 11 and other law of the United States . . . affecting interstate commerce." 28 U.S.C. § 157(d).

As Defendant argues, his Motion to Vacate requests the Bankruptcy Court to review its previous ruling regarding errors in its weighing of Plaintiffs' evidence related to damages. The only issue remaining with respect to this adversary proceeding concerns the calculation of damages, which does not require a substantial and material consideration of the ILSA. *In re U.S. Airways Grp., Inc.*, 269 B.R. at 679 (holding that "mandatory withdrawal is not warranted unless the bankruptcy court must *decide* a question under non-bankruptcy federal in order to *resolve* the proceeding).

Further, Defendant makes no argument other than his conclusory assertion that interpretation of the ILSA is required in this case. At this stage of the bankruptcy proceeding, liability has been determined by Defendant's default and the only remaining issue appears to be that of damages. The Bankruptcy Court ordered a hearing upon Defendant's Motion to Vacate but clearly limited such hearing to the issue of damages and foreclosed any further litigation on the issue of liability due to Defendant's default. Without articulating any substantive argument as to how the Bankruptcy Court is required to decide a question under the ILSA in its review of its damages award, the only remaining issue in this case, the Court declines to infer that substantial consideration of the ILSA is necessary, and thus concludes that mandatory withdrawal is inappropriate.

5

### *2. Discretionary Withdrawal*

Likewise, the Court declines to exercise its discretion to withdraw this case for cause shown under § 157(d). Factors determining whether cause exist include "(i) whether the proceeding is core or non-core, (ii) the uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial. *In re U.S. Airways Grp., Inc.*, 296 B.R. at 681.

Only three factors are applicable to the present Motion. Defendant argues that discretionary withdrawal is warranted because (1) the remaining legal claims, which give rise to a monetary award for damages against him, arise out of state law claims for fraud and thus this case is classified as a non-core proceeding, in which the Bankruptcy Court lacks authority to enter final judgment; (2) neither Plaintiffs' fraud claims nor Defendant's Motion to Vacate involve any issues of bankruptcy law, such that withdrawal will not disturb the uniform administration of the bankruptcy proceeding; and (3) the interest in judicial economy favors withdrawal because, as a non-core proceeding, the Bankruptcy Court lacks authority to enter final judgment on these claims and thus the Bankruptcy Court's resolution of this matter will lead to duplicative litigation, as the case will inevitably come before the District Court for its final judgment.

The Court concludes that Defendant's reasons for discretionary withdrawal are unpersuasive. Assuming that Defendant is correct in that the remaining fraud claims in this case arise under state law, which would render his claims non-core matters, the Court determines that Defendant's arguments with respect to the uniform administration of the bankruptcy proceeding and judicial economy militate against withdrawal because such the bankruptcy proceeding would be disturbed by the Court's intervention at this stage. Defendant seeks to withdraw the case at a time when the Bankruptcy Court is reconsidering its own damages award. Though the underlying "action does not have the qualities of a

core bankruptcy proceeding, there is still significant value in having the bankruptcy court preside over preliminary legal and discovery issues in a proceeding that is related to this bankruptcy action." *In re El-Atari*, 2011 WL 5828013, at *5. This is especially true under circumstances in which the Bankruptcy Court is reviewing its own order upon a motion to vacate, as the Bankruptcy Court is intimately familiar with (1) the evidence being disputed by Defendant and (2) the reasoning of the decision under review. For these reasons, the Court declines to exercise its discretion to withdraw the reference and denies Defendant's Motion.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Withdraw the Reference of Adversary Proceeding from the Bankruptcy Court (Dkt. No. 1) is **DENIED**. It is further

**ORDERED** that this case be and is **REMANDED** to the United States Bankruptcy Court for the Eastern District of Virginia.

The Clerk is directed to forward a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

ENTERED this 31st day of January, 2013.

Alexandria, Virginia

01/31/2013

/s/
Gerald Bruce Lee
United States District Judge